Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| CYNTHIA MÉNDEZ SEGARRA<br><br>Recurrida<br><br>V.<br><br>**CASA REALTY CORPORATION** H/N/C FARMACIA GRITO DE LARES; SUCESIÓN DE LUDOVINA SIGURANI, COMPUESTA POR SUS HIJOS MAYBETH TORRES SIGURANI Y RAYMOND TORRES SIGURANI; Y **STEPHANIE TORRES MUÑIZ**, COMO PARTE DE LA SUCESIÓN DE CARLOS SAÚL TORRES SIGURANI<br><br>Peticionarios | KLCE202400651 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Sebastián<br><br>Caso Núm.: LR2022CV00095<br><br>Sobre: Discrimen, Hostigamiento y Acoso Laboral; Despido Constructivo al Amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, conocida como Ley de Despido Injustificado; Daños y Perjuicios |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Santiago Calderón y el Juez Cruz Hiraldo

*Lebrón Nieves, Juez Ponente*

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 15 de julio de 2024.

El 12 de junio de 2024, compareció ante este Tribunal de Apelaciones, la señora Stephanie Torres Muñiz (en adelante, señora Torres Muñiz) y Casa Realty Corporation (en adelante, parte peticionaria), mediante recurso de *Certiorari,* en el que recurre de la *Resolución* emitida el 9 de mayo de 2024 y notificada el 15 de mayo de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Sebastián. En virtud del aludido dictamen, el foro *a quo,* declaró Ha Lugar la *Moción en Solicitud para la Descalificación del Lic. Ángel Bonnet ante el Claro Conflicto de Intereses e Incumplimiento de los Cánones 21 y 38 del Código de Ética Profesional* presentada por la interventora Maybeth Torres Sigurani el 23 de enero de 2024.

Número Identificador

RES2024 _____

Por los fundamentos que adelante se esbozan, se deniega el recurso de *Certiorari*.

**I**

Los eventos procesales y fácticos que suscitaron la controversia de epígrafe son los que adelante se esbozan.

El recurso que nos ocupa está relacionado a un recurso anterior con identificación alfanumérica KLCE202300841, respecto al cual emitimos *Sentencia* el 18 de marzo de 2024. Como mencionamos en aquella ocasión, el caso tiene su génesis en una *Demanda* instada el 19 de abril de 2022, por la señora Cynthia Méndez Segarra (en adelante, señora Méndez Segarra o parte recurrida) en contra de Casa Realty Corporation (en adelante, Casa Realty), haciendo negocios como Farmacia Grito de Lares, y de la señora Ludovina Sigurani, en su carácter personal, por discrimen bajo la Ley Núm. 100 de 30 de junio de 1959[1] (en adelante, "Ley Núm. 100"), por hostigamiento y acoso laboral, por despido constructivo al amparo de la Ley Núm. 80 de 30 de mayo de 1975[2] (en adelante, "Ley Núm. 80") y por daños y perjuicios.

En la aludida *Demanda*, la parte recurrida alegó que trabajó por un periodo de catorce (14) años y siete (7) meses como Técnica de Farmacia en la Farmacia Grito de Lares bajo la supervisión de la señora Ludovina Sigurani, dueña y presidenta de Casa Realty. Acotó que, fue objeto de constantes comentarios degradantes, burlas sobre su peso y condiciones de salud, conducta abusiva y actos ilegales de parte de la señora Ludovina Sigurani, lo cual creó un ambiente hostil y humillante. Lo anterior provocó que la señora Méndez Segarra renunciara a su empleo el 23 de septiembre de 2021. En la acción interpuesta ante el foro primario, la parte

---

[1] Ley Antidiscrimen de Puerto Rico, Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 LPRA § 146 et seq.
[2] Ley Sobre Despidos Injustificados, Ley Núm. 80 de 30 de mayo de 1975, según enmendada, 29 LPRA § 185a et seq.

recurrida reclamó por daños sufridos, daños punitivos, pérdida de ingresos, mesada e indemnización al amparo de la Ley Núm. 80, doble compensación al amparo de la Ley Núm. 100 y honorarios de abogado. Ante el fallecimiento de la señora Ludovina Sigurani, el 11 de enero de 2023, la parte recurrida presentó la *Demanda Enmendada* a los fines de incluir como parte demandada a la Sucesión de Ludovina Sigurani, compuesta por la señora Maybeth Torres Sigurani (en adelante, señora Torres Sigurani), el señor Raymond Torres Sigurani (en adelante, señor Torres Sigurani) y la señora Torres Muñiz.

Acaecidas varias incidencias procesales, innecesarias pormenorizar, el 8 de mayo de 2023, la señora Torres Sigurani, presentó una *Moción de Desestimación al Amparo de la Regla 10.2(5) de Procedimiento Civil.* Arguyó que, no procedía la causa de acción bajo la Ley Núm. 80 contra la Sucesión de la señora Ludovina Sigurani en su carácter personal, toda vez que, era una causa de acción exclusivamente obrero patronal; no se estableció un caso prima facie de discrimen, según lo dispuesto por la Ley Núm. 100; y que la *Demanda* en su totalidad, constituía cosa juzgada e impedimento colateral por sentencia ante una Resolución emitida por el Departamento del Trabajo en el caso núm. M-04079-21AE. Por último, arguyó que las alegaciones no exponían una reclamación que justificara la concesión de un remedio.

La parte recurrida se opuso a la solicitud de desestimación el 11 de mayo de 2023. En esencia, arguyó que la señora Torres Sigurani fue incluida en el pleito para responder por las actuaciones de su madre, la señora Ludovina Sigurani, en las reclamaciones bajo los Artículos 1536 y 1540 del Código Civil[3]. Acotó además, que la doctrina de cosa juzgada e impedimento colateral por sentencia no

---

[3] Arts. 1536 y 1540 del Código Civil de Puerto Rico de 2020, Ley Núm. 55-2020, según enmendada, 31 LPRA § 10801 y 10804.

era de aplicación debido a que en el procedimiento ante el Negociado de Seguridad de Empleo en el Departamento de Trabajo solo se atendió lo relativo al seguro por desempleo y que dicha agencia carecía de jurisdicción para atender los reclamos de la *Demanda*. Por último, sostuvo que ante una solicitud de desestimación al amparo de la Regla 10.2 de Procedimiento Civil[4], se debe concluir que aun tomando como ciertas las alegaciones de la demanda, no existe una reclamación que justifique la concesión de un remedio.

El 11 de mayo de 2023, notificada el 18 de mayo de 2023, el foro primario declaró No Ha Lugar la solicitud de desestimación. En desacuerdo, el 1 de junio de 2023, la señora Torres Sigurani presentó una moción de reconsideración. Luego de celebrada una vista el 6 de junio de 2023, el foro primario dictaminó que existía una controversia sobre si nuestro ordenamiento jurídico permitía una reclamación contra un funcionario de la empresa en su carácter personal por actuaciones de daños por discrimen y acoso laboral. En vista de lo anterior, le concedió un término a la señora Méndez Segarra para mostrar su posición sobre la reconsideración y permitió las correspondientes réplicas de las partes.

El 14 de junio de 2023, la señora Méndez Segarra presentó la *Moción en Cumplimiento de Orden en Oposición a Moción de Reconsideración*. El 20 de junio de 2023, la señora Torres Sigurani presentó una réplica, y luego de una dúplica interpuesta por la parte recurrida, el 22 de junio de 2023, notificada el 27 de junio de 2023, el Tribunal de Primera Instancia declaró No Ha Lugar la solicitud de reconsideración.

El 21 de diciembre de 2023, el licenciado Bonnet Rosario presentó demanda contra coparte en contra de dos miembros de la Sucesión, a saber, el señor Torres Segurani y de la señora Torres

---

[4] 32 LPRA Ap. V, R. 10.2.

Segurani, en representación de Casa Realty y de la señora Torres Muñiz. Lo anterior, debido a que, a su juicio, de la señora Méndez Segarra prevalecer, los miembros de la Sucesión serían responsables de la totalidad de la reclamación.

Así las cosas, el 23 de enero de 2024, la señora Torres Sigurani presentó la *Moción en Solicitud para la Descalificación del Lic. [Á]ngel Bonnet ante el Claro Conflicto de Intereses e Incumplimiento de los Cánones 21 y 38 del Código de Ética Profesional.* Por medio de la aludida moción, la señora Torres Sigurani expresó que, el 13 de diciembre de 2023, el foro *a quo* autorizó que se presentara la demanda contra coparte de Casa Realty, contra la Sucesión de la señora Ludovina Sigurani. Añadió que, el 21 de diciembre de 2023, el licenciado Bonilla Rosario, en representación de Casa Realty y de la señora Torres Muñiz presentó la demanda contra coparte en contra de dos de los miembros de la Sucesión de la señora Ludovina Sigurani, por entender que estos le serían responsables de la totalidad de la reclamación realizada en el caso de epígrafe. Sostuvo, además, que, existía conflicto de intereses por representación sucesiva adversa. Lo anterior, dado a que el licenciado Bonnet Rosario representaba a la señora Torres Muñiz, quien es miembro de la Sucesión de Ludovina Sigurani y accionista de la corporación Casa Realty, y a su vez, representaba a Casa Realty. Explicó que, debido a que la señora Torres Muñiz era parte de la Sucesión de la señora Ludovina Sigurani, y al tener intereses que preservar para reclamar su parte en la comunidad hereditaria, la demanda de coparte por parte de Casa Realty en contra de la Sucesión resultaría en perjuicio a los intereses de la señora Torres Muñiz en su participación como heredera. Argumentó que no era posible instar una demanda contra coparte contra solo una parte de los herederos en un pleito donde se demanda a una Sucesión, por motivo de que tal acción era una heredada por la Sucesión que es

representada por la comunidad hereditaria de la causante como sus herederos y no en su carácter personal. Por todo lo anterior, acotó que existía un claro conflicto de intereses entre Casa Realty y la señora Torres Muñiz como miembro de la Sucesión. Argumentó que, no podía el mismo abogado representar a una corporación que está demandando a la Sucesión de la cual es parte su otra cliente, y que, tal acción contravenía el Canon 21 del Código de Ética Profesional. A estos efectos, solicitó al foro de primera instancia ordenar la descalificación del licenciado Bonnet Rosario como representante legal de la señora Torres Muñiz y de Casa Realty.

El 26 de enero de 2024, el Tribunal de Primera Instancia emitió una orden con el propósito de paralizar los términos para contestar la demanda contra coparte, y le ordenó al licenciado Bonnet Rosario exponer su posición respecto a la moción presentada por la señora Torres Sigurani.

En respuesta, el 7 de febrero de 2024, el licenciado Bonnet Rosario, en representación de la parte peticionaria, presentó la *Oposición a "Moción en Solicitud para Descalificación…etc.".* Entre otras cosas, le solicitó al foro *a quo* que tomara conocimiento judicial del caso identificado como L3CI2014-0025, en el que se determinó que la señora Torres Muñiz era la única persona con interés y autoridad sobre los bienes del fenecido señor Carlos Torres Sigurani, y que, al ser su única heredera, la corporación Casa Realty con sus activos y pasivos pasaron a su dominio en virtud de ley. A través de la aludida moción, también negó la existencia de conflicto de interés entre la señora Torres Muñiz y Casa Realty, y que por ello, no estaba en violación de ningún canon de ética. Aseguró que, de ninguna forma la señora Muñiz y Casa Realty tenían intereses encontrados, puesto que, era el interés de esta abogar por los intereses de Casa Realty como por los suyos frente a la reclamación de la señora

Méndez Segarra, por lo que ambos podían ser representadas por el mismo abogado.

Por su parte, la señora Torres Sigurani presentó la *Réplica en Cumplimiento de Orden a Oposición sobre Descalificación de Abogado.* En esencia, reiteró que procedía la descalificación del licenciado Bonnet Rosario por alegado conflicto de intereses al representar a dos clientes con intereses encontrados.

El 18 de marzo de 2024 la parte peticionaria presentó la *Reacción a "Réplica...etc...".* donde, nuevamente negó la existencia de conflicto de interés.

Luego de varias incidencias procesales innecesarias pormenorizar, el 15 de mayo de 2024, el Tribunal de Primera Instancia mediante *Resolución* declaró Ha Lugar la *Moción en Solicitud para la Descalificación del Lic. Ángel Bonnet ante el Claro Conflicto de Intereses e Incumplimiento de los Cánones 21 y 38 del Código de Ética Profesional* presentada por la señora Torres Sigurani. Consecuentemente, descalificó al licenciado Bonnet Rosario de la representación legal de la parte peticionaria. Además, le ordenó al licenciado Bonnet Rosario que informara a sus clientes de su inhabilidad para continuar representándolos en la acción de epígrafe, conforme lo establecen los Cánones de Ética Profesional. De igual manera, le concedió a la señora Torres Muñiz y a Casa Realty un término de treinta (30) días para notificar su nueva representación legal.

Inconforme con tal determinación, la parte peticionaria presentó el recurso de epígrafe y esgrimió el siguiente señalamiento de error:

> Erró el TPI al entender que la demanda de coparte radicada por Stephanie y por Casa [R]ealty presenta intereses encontrados entre ellas, por lo que el suscribiente está impedido de representar ambas, entendiendo dicho Tribunal que tal representación es contrario a lo dispuesto en el Canon 21 de los de Ética Profesional. 4 LPRA, Ap. IX, C21.

El 24 de junio de 2024, la parte recurrida presentó la *Oposición a la Expedición de Recurso de Certiorari.*

Con el beneficio de la comparecencia de las partes, procedemos a disponer del recurso ante nuestra consideración.

**II**

**A. *El Certiorari***

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[5]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

---

[5] Véase también *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

Por otro lado, a partir del 1 de julio de 2010, se realizó un cambio respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia mediante recurso de *certiorari*. A tal fin, la Regla 52.1 de Procedimiento Civil, dispone, en su parte pertinente, lo siguiente:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos

> relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis Nuestro).
>
> [. . .]

Según se desprende de la precitada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

## B. *Descalificación de abogado*

La Regla 9.3 de Procedimiento Civil, 32 LPRA Ap. V, dispone lo siguiente respecto al poder de los tribunales para supervisar la conducta de los abogados:

> El Tribunal, en el ejercicio de su poder inherente de supervisar la conducta de los abogados y abogadas que postulan ante sí, podrá, a iniciativa propia o a solicitud de parte, imponer sanciones económicas o de otra naturaleza o descalificar a un abogado o abogada que incurra en conducta que constituya un obstáculo para la sana administración de la justicia o infrinja sus deberes hacia el Tribunal, sus representados(as) o sus compañeros(as) abogados(as).

Según dispuesto por nuestro ordenamiento jurídico, los procedimientos de descalificación de abogados no constituyen acciones disciplinarias de por sí. *ORIL v. El Farmer Inc.*, 204 DPR 229, 241 (2020); *Job Connection Center v. Sups. Econo*, 185 DPR 585, 596 (2012); *Meléndez v. Caribbean Int'l News*, 151 DPR 649, 660 (2000). Puesto que, la descalificación es una medida preventiva que tiene como fin (1) evitar posibles infracciones a los Cánones del Código de Ética Profesional o (2) evitar actos disruptivos de los abogados durante el trámite de un pleito. *ORIL v. El Farmer Inc.*, supra, pág. 241; *Job Connection Center v. Sups. Econo*, supra, pág. 596. Es por lo que, los foros de instancia están facultados para evaluar y resolver las mociones de descalificación cuando estas sean presentadas en los casos que se ventilan ante sí. *Liquilux Gas Corp. v. Berríos Zaragoza*, 138 DPR 850, 864 (1995). Los jueces podrán descalificar a los abogados si ello resulta necesario para lograr la solución justa, rápida y económica de los pleitos. *ORIL v. El Farmer Inc.*, supra, pág. 241. Nuestro más Alto Foro ha dispuesto que "[a]l evaluar lo sustantivo en la procedencia de una descalificación, los tribuales deben hacer un análisis de la totalidad de las circunstancias para valorar si la actuación el abogado constituye un acto disruptivo o si tiene el potencial de desembocar en una

violación de los Cánones del Código de Ética Profesional". *Íd.* pág. 242; *Meléndez v. Caribbean Int'l News*, supra, pág. 662.

La descalificación puede darse en dos instancias, ya sea (1) por orden del tribunal *motu proprio*, o (2) cuando el Tribunal accede a solicitud de una parte. En lo pertinente, cuando la parte adversa solicita la descalificación, el Tribunal Supremo ha expresado que, la mera presentación de la moción de descalificación no conlleva automáticamente la concesión de tal petición. *ORIL v. El Farmer Inc.*, supra, pág. 242; *Liquilux Gas Corp. v. Berríos Zaragoza*, supra, pág. 864. Cuando el tribunal evalúe una moción de descalificación, deberá además evaluar la totalidad de las circunstancias de acuerdo con los siguientes factores: (1) si el solicitante de la descalificación tiene legitimación activa para invocarla; (2) la gravedad de la posible violación ética involucrada; (3) la complejidad del derecho o los hechos pertinentes a la controversia y el *expertise* de los abogados implicados; (4) la etapa de los procedimientos en que surja la controversia sobre descalificación y su posible efecto en cuanto a la solución justa, rápida y económica del caso, y (5) el propósito detrás de la descalificación, es decir, si la moción se está utilizando como mecanismo para dilatar los procedimientos. *Íd.* págs. 242-243; *Liquilux Gas Corp. v. Berríos Zaragoza*, supra, págs. 864-865; *Otano v. Vélez*, 141 DPR 820, 828 (1996); *Job Connection Center v. Sups. Econo*, supra, págs. 597-598.

El juzgador de hechos podrá denegar una solicitud de descalificación presentada por una parte adversa si entiende que esta ha sido interpuesta como una táctica dilatoria del procedimiento. *Íd.*; *Otano v. Vélez*, supra, pág. 828. También podrá ser denegada en instancias donde la solicitud sea considerada frívola o cuando se presenta con el propósito de intimidar a la parte adversa. *Job Connection Center v. Sups. Econo*, supra, pág. 598. Cuando el tribunal atiende una moción de descalificación

deberá analizar si la continuación de la representación legal podría causarle perjuicio o una desventaja indebida en el caso a su solicitante. *Íd.*; *ORIL v. El Farmer Inc.*, supra, pág. 243. Asimismo, deberá sopesar el derecho que le asiste a toda persona de escoger con libertad su representación legal. *Íd.* Finalmente, el abogado contra quien se interponga la moción de descalificación tiene derecho a ser oído y a presentar prueba a su favor. *Íd.*; *Job Connection Center v. Sups. Econo*, supra, pág. 598.

En el contexto de la Regla 52.1 de Procedimiento Civil, *supra*, el Tribunal Supremo resolvió que, la descalificación de un abogado tiene repercusiones que afectan potencialmente los derechos de las partes, el trámite de los procedimientos, el derecho de la libre selección de representación legal y los derechos del representante legal a ser descalificado, es por lo que, es procedente la revisión interlocutoria. *ORIL v. El Farmer Inc.*, supra, pág. 244; *Job Connection Center v. Sups. Econo*, supra, pág. 601. En estos casos, el más Alto Foro ha sido enfático en que "esperar a una apelación constituiría un fracaso irremediable de la justicia". *Íd.*; *ORIL v. El Farmer Inc.*, supra, pág. 244. En *Job Connection Center v. Sups. Econo,* supra, el Tribunal Supremo expresó que los tribunales apelativos estamos llamados a revisar la decisión sobre la descalificación, siempre y cuando se demuestre que el foro de instancia abusó crasamente de su discreción, actuó con perjuicio o parcialidad, se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esta etapa evitaría un perjuicio sustancial. *ORIL v. El Farmer Inc.*, supra, pág. 244. Además, la descalificación de un abogado no deberá imponerse ligeramente, puesto que, esta afecta aspectos tales como los derechos de las partes y el trámite de los procedimientos. *Íd.* El Tribunal Supremo ha destacado que la descalificación únicamente procederá cuando sea estrictamente

necesario, pues se considera un remedio drástico que debe ser evitado si existen medidas menos onerosas que puedan asegurar la integridad del proceso judicial y el trato justo de las partes. *Job Connection Center v. Sups. Econo*, supra, pág. 597; *ORIL v. El Farmer Inc.*, supra, pág. 244.

Esbozada la normativa jurídica que enmarca la controversia de epígrafe procedemos a resolver.

**III**

En su único señalamiento de error, la parte peticionaria arguye que, la primera instancia judicial incidió al entender que la demanda contra coparte presentada por la señora Torres Muñiz y Casa Realty, presentaba intereses encontrados entre estas, por lo que el licenciado Bonnet Rosario está impedido de representarlas, debido a que tal representación es contraria a lo dispuesto en el Canon 21 de Ética Profesional.

Adelantamos que, no le asiste la razón. Veamos.

Según reseñáramos, el 21 de diciembre de 2023, el licenciado Bonnet Rosario presentó la *Demanda Contra Co-Partes*, en representación de la señora Muñiz Torres y Casa Realty, en contra de dos miembros de la Sucesión de la señora Ludovina Sigurani, entiéndase, el señor Torres Sigurani y la señora Torres Sigurani, por entender que, de la señora Méndez Segarra prevalecer en el pleito, estos le responderían en su totalidad. Como consecuencia de lo anterior, la señora Torres Sigurani presentó la *Moción en Solicitud para la Descalificación del Lic. [Á]ngel Bonnet ante el Claro Conflicto de Intereses e Incumplimiento de los Cánones 21 y 38 del Código de Ética Profesional*. Subsiguientemente, el foro *a quo* emitió una orden donde paralizó los términos para contestar la demanda contra coparte, y le ordenó al licenciado Bonnet Rosario exponer su posición en cuanto a la *Moción en Solicitud para la Descalificación del Lic. [Á]ngel Bonnet ante el Claro Conflicto de Intereses e*

*Incumplimiento de los Cánones 21 y 38 del Código de Ética Profesional.*

En cumplimiento con lo ordenado, el licenciado Bonnet Rosario en representación de la parte peticionaria presentó la *Oposición a "Moción en Solicitud para Descalificación...etc.".* Posteriormente, la señora Torres Sigurani presentó la *Réplica en Cumplimiento de Orden a Oposición sobre Descalificación de Abogado,* mientras que la parte peticionaria presentó la *Reacción a "Réplica...etc..."*.

Luego de que el foro primario le permitiera a las partes exponer sus respectivas posturas respecto a la solicitud de descalificación, emitió una *Resolución* en la cual realizó un análisis donde concluyó lo siguiente:

> Examinada la normativa aplicable y la totalidad de las circunstancias que rodean al caso de autos, este tribunal concluye, que, la representación legal simultánea por parte del licenciado Ángel Bonnet Rosario, de los codemandados, Casa Realty, Corp., y Stephanie Torres Muñiz, quien es la única accionista de la corporación demandada y a su vez, es miembro de la sucesión Sigurani que figura como codemandada en el caso de epígrafe, constituye un claro conflicto de intereses. En el caso de autos no está en cuestión si procede o no presentar una demanda contra coparte, sino, el conflicto de intereses que resultó de tal actuación. Resulta meritorio puntualizar que, en el pleito de marras, no se demandó a la señorita Torres Muñiz en su carácter personal, sino que, fue traída al pleito como miembro de la sucesión de Liduvina Sigurani y de la sucesión de Carlos Torres Sigurani al ser Casa Realty, Corp. uno de los bienes del causante.

A tales efectos, declaró Ha Lugar la *Moción en Solicitud para la Descalificación del Lic. [Á]ngel Bonnet ante el Claro Conflicto de Intereses e Incumplimiento de los Cánones 21 y 38 del Código de Ética Profesional,* descalificó al licenciado Bonnet Rosario de la representación legal de la parte peticionaria, y le concedió a la señora Torres Muñiz y a Casa Realty un término de treinta (30) días para informar nueva representación legal.

Conforme el derecho expuesto, la Regla 9.3 de Procedimiento Civil faculta a los tribunales supervisar la conducta de los abogados e imponer como medida preventiva la descalificación de un abogado o abogada[6]. La descalificación como medida preventiva, tiene como fin el evitar posibles infracciones a los Cánones del Código de Ética Profesional o evitar actos disruptivos de los abogados durante el trámite de un pleito[7]. Al evaluar la moción de descalificación, el Tribunal deberá evaluar, además, la totalidad de las circunstancias, teniendo como norte los siguientes factores: (1) si el solicitante de la descalificación tiene legitimación activa para invocarla; (2) la gravedad de la posible violación ética involucrada; (3) la complejidad del derecho o los hechos pertinentes a la controversia y el *expertise* de los abogados implicados; (4) la etapa de los procedimientos en que surja la controversia sobre descalificación y su posible efecto en cuanto a la solución justa, rápida y económica del caso, y (5) el propósito detrás de la descalificación, es decir, si la moción se está utilizando como mecanismo para dilatar los procedimientos[8].

En el caso de autos, el Tribunal de Primera Instancia resolvió que, la presentación de la demanda contra coparte resultó en un claro conflicto de intereses. Bajo este supuesto, razonó que, el licenciado Bonnet Rosario podría dejar de exponer defensas en beneficio de la sucesión – de la cual la señora Torres Muñiz es parte – para defender asuntos de Casa Realty y viceversa. Es decir, la primera instancia judicial siguió el criterio rector al realizar un análisis de la totalidad de las circunstancias del caso y tomar su decisión basada en que la actuación del licenciado Bonnet Rosario tenía alto potencial de desembocar en una violación a los Cánones

---

[6] Regla 9.3 de Procedimiento Civil, 32 LPRA Ap. V.

[7] *ORIL v. El Farmer Inc.*, supra, pág. 241; *Job Connection Center v. Sups. Econo*, supra, pág. 596.

[8] *ORIL v. El Farmer Inc.*, supra, pág. 242; *Liquilux Gas Corp. v. Berríos Zaragoza*, supra, págs. 864-865; *Otano v. Vélez*, 141 DPR 820, 828 (1996); *Job Connection Center v. Sups. Econo*, supra, págs. 597-598.

del Código de Ética Profesional[9]. Recordemos que, cuando la parte adversa solicita la descalificación, la mera presentación de la moción de descalificación no conlleva automáticamente la concesión de tal petición[10]. Conforme lo anterior, el foro primario le permitió a las partes exponer y defender sus argumentos en múltiples ocasiones, y en base de ello, resolvió.

Según es sabido, como Tribunal Apelativo debemos revisar la decisión sobre la descalificación, cuando se demuestre que el foro de instancia abusó crasamente de su discreción, actuó con perjuicio o parcialidad, se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esta etapa evitaría un perjuicio sustancial[11]. Ante la ausencia de los criterios antes mencionados, encontramos innecesario variar lo resuelto por el Tribunal de Primera Instancia.

**IV**

Por los fundamentos que anteceden, se deniega el recurso de *Certiorari*.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[9] *ORIL v. El Farmer Inc.*, supra, pág. 241; *Meléndez v. Caribbean Int'l News*, supra, pág. 662.
[10] *ORIL v. El Farmer Inc.*, supra, pág. 242; *Liquilux Gas Corp. v. Berríos Zaragoza*, supra, pág. 864.
[11] *ORIL v. El Farmer Inc.*, supra, pág. 244.